### JOHN FENN v. CHARLES B. TIMPSON.

In an action for injuries to goods, prosecuted against several persons as common carriers, sued as a partnership firm, conducting an express company, the plaintiff proved an admission by one of the defendants that he was one of the proprietors of the company, and that the receipt produced, for the goods in question, was signed by a clerk of the company; *held*, that the evidence was sufficient, *prima facie*, to fix liability upon such defendant, and that the plaintiff might discontinue as to the other defendants, and recover against him.

The fact that a defendant is a common carrier, may be inferred from the terms of the receipt and the contract as made by him, as well as from the testimony of witnesses.

An objection to the competency of a witness must be first taken in the court below.

THE plaintiff and one Baker, desiring to send a box of mathematical instruments to St. Louis, delivered them to one

Crane, at number 59 Broadway, New York, and received a receipt, in writing and print, signed by the latter, which in terms acknowledged that the Adams Express Company, 59 Broadway, New York, had received the articles in question, and agreed to transport them to their destination, with the usual clause restricting the liability of the carriers within certain limits.

The goods having been delivered at St. Louis in a broken and damaged condition, the plaintiff sued out a summons, in the Sixth District Court, against Alvin Adams and five other persons, as copartners and common carriers, forming the firm of Adams & Co. On the return day, those defendants appeared, and pleaded the non-joinder of C. B. Timpson, whereupon the justice granted a motion to constitute the latter a party defendant, and the cause was adjourned.

Issue having been joined upon the merits, the plaintiff produced Baker as a witness, who testified that he had assigned his interest in the claim to the plaintiff; that the articles were delivered and injured as above stated; that Timpson had stated, at the office in Broadway, that " he was one of the proprietors of the firm of Adams & Co.'s Express," and that the signature to the receipt was that of Crane, one of the clerks. The witness added other testimony in respect to the value of the articles, and the injury sustained by them. The defence produced a witness, who testified that the firm of Adams & Co. was not in existence, and that the business was transacted by a joint stock company, of which Timpson was not a member, called the Adams Express Company.

The plaintiff moved to dismiss all the defendants except Timpson. The justice granted the motion, and directed judgment for the plaintiff against Timpson, from which the latter appealed.

*Robert H. Shannon*, for the defendant.

*George Carpenter*, for the plaintiff.

Finn *v.* Timpson.

By THE COURT. INGRAHAM, FIRST J.—The action is against the defendants as common carriers. Upon the trial of the case, the justice granted a motion to discharge all the defendants except Timpson, and rendered judgment against him for the value of the property injured while in the charge of the company.

There can be no doubt that the evidence was sufficient to charge Timpson as a partner or person interested in the company. He admitted to the witness, Baker, that he was one of the proprietors of the Adams & Co.'s Express, and that the signature of Crane to the receipt for the goods was that of one of their clerks. The slight variation in the name is not sufficient to destroy the effect of this evidence.

The terms of the receipt, as well as the evidence of Baker, show the business of the company to be that of common carriers. The testimony of witnesses to the same effect can only be founded on the same knowledge of facts as was presented to the court on the trial of this case.

To enable the defendant to avail himself of the exception in the receipt, he should, by evidence, show that the property was injured in one of the modes covered by the exception. The proof established the delivery of the property to the Express Company in good condition, and that the same property was injured before the goods passed out of their possession. This made out a *prima facie* case against them, and to relieve the company from the liability, the burden of proof was with them to show the mode of injury. There is nothing in the cases cited by the defendant's counsel to relieve him from this obligation.

The objection to Baker's competency was not taken before the justice. It cannot be noticed by us on the appeal. If it had been made in the court below, and the objection had been well taken, the same might have been remedied by a release, or by the production of other witnesses. To render such an objection available on appeal, it must, in the first instance, be presented to the court below on the trial.

Judgment affirmed.